UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY A. MCCAMEY,<br><br>      Plaintiff,<br><br> v.<br><br>SNOHOMISH COUNTY SHERIFF'S OFFICE, et al.,<br><br>      Defendants. | Case No. C17-63 JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

Timothy A. McCamey, who is currently confined at the Snohomish County Corrections, purports to sue the Snohomish County Sheriff's Office, Deputy Scott Berg, the Snohomish County Prosecutor's Office, Deputy Prosecutor John J. Juhl, and Snohomish County. In his original complaint, plaintiff claimed Dkt. 9. The Court declined to serve the complaint because it contained fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1). However, because plaintiff is proceeding *pro se*, he was granted leave to file an amended complaint or to show cause why his complaint should not be dismissed. Dkt. 10.

In his amended complaint, plaintiff reiterates his claim that the defendants failed to fully

REPORT AND RECOMMENDATION - 1

investigate his whereabouts prior to charging him and placing him in jail for 28 days.  The undersigned recommends that this action be dismissed with prejudice for failure to state a claim and the dismissal counted as a strike under 28 U.S.C. § 1915(g).

## BACKGROUND

Plaintiff alleges that on July 21, 2016, he was taken to the Snohomish County Jail, where he spent 28 days (from July 21, 2016 until August 17, 2016) on charges of "failure to register (crime committed while on community custody)." Dkt. 11, p. 3.  The charging papers alleged that the crime occurred between October 27, 2015 and November 23, 2015 – a period of time when plaintiff claims that he was in DOC custody.

Plaintiff alleges that the Snohomish County Sheriff's office did not fully investigate the charge against him because if they had looked in their own files, they would have found proof of his whereabouts.  He also claims that Deputy Scott Berg was specifically informed of this on a prior visit.  Plaintiff contends that Prosecutor John Juhl violated his due process rights by not fully investigating the criminal charges and by not calling DOC headquarters to confirm that plaintiff was in custody.  *Id.*, p. 3.

Plaintiff seeks $494,400 for time, suffering, and punitive damages and 28 days credit to his community custody time.  *Id.*, p. 4.

## DISCUSSION

**A.   Malicious Prosecution**

Malicious prosecution, by itself, does not constitute a due process violation; to prevail on a claim of malicious prosecution, plaintiff must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right.  *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th

Cir.1985) (en banc); *Cline v. Brusett*, 661 F.2d 108, 112 (9th Cir.1981). Therefore, mere negligent conduct, as alleged in plaintiff's complaint is not sufficient to state a malicious prosecution claim.

Here, plaintiff alleges that he was charged and detained and that the charge was dismissed. He contends that this was due to the parties' failure to investigate because they "overlooked" what had been filed in their offices. However, the Ninth Circuit has held that merely filing false criminal charges, *i.e.* malicious prosecution, does not violate a plaintiff's constitutional rights; instead a plaintiff must allege that the false criminal charges were filed in order to deprive the plaintiff of constitutional rights. In other words, "the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy. However, an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Usher v. City of Los Angeles*, 828 F.2d 556, 561–62 (9th Cir. 1987) (internal quotation marks and citations omitted). *See also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) ("In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.") (internal question marks and citations omitted, alterations in original); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995), *as amended on denial of reh'g and reh'g en banc* (Dec. 29, 1995) ("Malicious prosecution, by itself, does not constitute a due process violation; to prevail [plaintiff] must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another

REPORT AND RECOMMENDATION - 3

specific constitutional right.").

Here, plaintiff does not allege that the false charges were made in retaliation or for the purpose of depriving plaintiff of his constitutional rights. Instead, plaintiff's complaint appears to allege that the sheriff's office did not fully investigate his whereabouts because had they looked in their own files, they would have seen that plaintiff filled out their form stating where he was located. He also complains that the prosecutor's office should have picked up the phone to confirm his whereabouts prior to arresting him. This is not sufficient to show a due process violation.

**B.      Parties**

Ordinarily, the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings. *Smiddy v. Varney*, 665 F.2d 261, 266-68 (9th Cir.1981). However, the presumption of prosecutorial independence does not bar a subsequent § 1983 claim against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings. *See Harris v. Roderick*, 126 F.3d 1189, 1198 (9th Cir.1997) (a probable cause determination "that is 'tainted by the malicious actions of the government officials [involved]' does not preclude a claim against the officials involved.") (quoting *Hand v. Gary*, 838 F.2d 1420, 1426 (5th Cir.1988)).

Here, plaintiff purports to sue the sheriff's department, sheriff deputy, and the prosecutor based only on the fact that plaintiff filed the sex offender tracking sheet with the sheriff's

REPORT AND RECOMMENDATION - 4

department. However there are no allegations that the defendants knowingly kept such information from the prosecutor or that they otherwise engaged in wrongful or bad faith conduct. Similarly, plaintiff purports to sue the prosecutor and deputy prosecutor but alleges only that they could have found out through a phone call that he was in DOC custody at the time he was due to register. However, this allegation falls far short of a malicious and intentional attempt to deprive plaintiff of a constitutional right.

Finally, the "Snohomish County Sheriff's Office" and "Snohomish County Prosecutor's Office" are not entities subject to suit in a 42 U.S.C. § 1983 action. Section 1983 applies to the actions of "persons" acting under color of state law. In order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred. *See Nolan v. Snohomish County*, 59 Wash.App. 876, 883, 802 P.2d 792, 796 (1990); *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D.Wash.2008) (the Seattle Police Department is not a legal entity capable of being sued under § 1983). Plaintiff names Snohomish County but the amended complaint contains no allegations regarding the county's actions, policies, or customs.

## CONCLUSION

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, plaintiff was given an opportunity to file an amended complaint. However, his amended complaint suffers from the same deficiencies as his original.

REPORT AND RECOMMENDATION - 5

Therefore the Court recommends that this action be **DISMISSED with prejudice for failure to state a claim and the dismissal counted as a strike under 28 U.S.C. § 1915(g).  All pending motions should be DENIED.**

A proposed order accompanies this Report and Recommendation.  Any objections to this Recommendation must be filed by **Tuesday, April 18, 2017.**  The Clerk should note the matter for **Thursday, April 20, 2017**, as ready for the District Judge's consideration if no objection is filed.

If plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections shall not exceed seven (7) pages.  The failure to timely object may affect the right to appeal.

DATED this  29th  day March, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6